UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| Rodney Smith Ltd.,<br><br>   Plaintiff,<br><br>  v.<br><br>Coat Check Chicago LLC d/b/a The Checkroom,<br><br>   Defendant. | Case No:<br><br>**COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

**COMPLAINT**

  Plaintiff Rodney Smith Ltd. ("*Plaintiff*"), by and through its undersigned counsel, for its Complaint against defendant Coat Check Chicago LLC d/b/a The Checkroom ("*Defendant*") states and alleges as follows:

**INTRODUCTION**

  1. This action seeks to recover damages for copyright infringement under the Copyright Act, 17 U.S.C §101 *et seq*.

  2. Rodney Smith ("*Smith*") created a series of photographs (hereinafter the images are referred to collectively as the "*Photographs*") in which Plaintiff owns the rights and licenses for various uses including online and print publications.

  3. Defendant owns and operates a website at domain www.coatcheckroom.com (the "*Website*").

  4. Defendant owns and operates a Facebook account with the name "@coatcheckroom" ("*Account 1*").

  5. Defendant owns and operates an Instagram account with the name "@coatcheckroom" ("*Account 2*").

  6. Defendant, without permission or authorization from Plaintiff, actively copied and displayed the Photographs on the Website as well as the Accounts (hereinafter the social media

platforms set forth above are referred to collectively as the "*Accounts*") and engaged in this misconduct knowingly and in violation of the United States copyright laws.

## PARTIES

7. Plaintiff Rodney Smith Ltd. is a New York limited company and maintains its principal place of business in Rockland County, New York.

8. Upon information and belief, defendant Coat Check Chicago LLC d/b/a The Checkroom, is an Illinois limited liability company with a principal place of business at 1167 South Euclid Avenue, Oak Park in Cook County, Illinois.

## JURISDICTION AND VENUE

9. This Court has subject matter jurisdiction over the federal copyright infringement claims pursuant to 28 U.S.C. §1338(a) and 28 U.S.C. §1331.

10. This Court has personal jurisdiction over Defendant because it maintains its principal place of business in Illinois.

11. Venue is proper under 28 U.S.C. §1391(b)(2) because Defendant does business in this Judicial District and/or because a substantial part of the events or omissions giving rise to the claim occurred in this Judicial District.

## FACTS COMMON TO ALL CLAIMS

**A.** **Plaintiff's Copyright Ownership**

12. Plaintiff is the legal and rightful owner of certain photographs which Plaintiff commercially licenses.

13. Plaintiff has invested significant time and money in building Plaintiff's photograph portfolio.

14. Plaintiff has obtained active and valid copyright registrations from the United States Copyright Office (the "*USCO*") which cover many of Plaintiff's photographs.

15. Plaintiff's photographs are original, creative works in which Plaintiff owns protectable copyright interests.

16. On June 1, 1994, Smith first published a photograph of a man sitting on a dock with

a dog ("*Photograph 1*"). A copy of Photograph 1 is attached hereto collectively as Exhibit 1.

17. On June 1, 2023, Photograph 1 was registered by the USCO under Registration No. VA 2-353-393.

18. On October 29, 1995, Smith first published a photograph of individuals holding umbrellas while looking at a city skyline ("*Photograph 2*"). A copy of Photograph 2 is attached hereto collectively as Exhibit 1.

19. On October 4, 2017, Photograph 2 was registered by the USCO under Registration No. VA 2-070-536.

20. On August 1, 1998, Smith first published a photograph of shoes in front of a city skyline ("*Photograph 3*"). A copy of Photograph 3 is attached hereto collectively as Exhibit 1.

21. On February 3, 2021, Photograph 3 was registered by the USCO under Registration No. VA 2-238-553.

22. On October 1, 1999, Smith first published a photograph of a man jumping over hay ("*Photograph 4*"). A copy of Photograph 4 is attached hereto collectively as Exhibit 1.

23. On January 27, 2003, Photograph 4 was registered by the USCO under Registration No. VAu575-487.

24. On March 3, 1999, Smith first published a photograph of a man standing with his head in a bush ("*Photograph 5*"). A copy of Photograph 5 is attached hereto collectively as Exhibit 1.

25. On February 3, 2021, Photograph 5 was registered by the USCO under Registration No. VA 2-239-162.

26. On January 1, 2000, Smith first published a photograph of a woman standing with a bird on her hat ("*Photograph 6*"). A copy of Photograph 6 is attached hereto collectively as Exhibit 1.

27. On February 3, 2021, Photograph 6 was registered by the USCO under Registration No. VA 2-239-163.

28. On January 3, 2000, Smith first published a photograph of a woman looking

through binoculars ("*Photograph 7*"). A copy of Photograph 7 is attached hereto collectively as Exhibit 1.

29. On February 3, 2021, Photograph 7 was registered by the USCO under Registration No. VA 2-239-163.

30. On January 22, 2000, Smith first published a photograph of a man with his hat thrown above his head ("*Photograph 8*"). A copy of Photograph 8 is attached hereto collectively as Exhibit 1.

31. On February 3, 2021, Photograph 8 was registered by the USCO under Registration No. VA 2-239-163.

32. On October 1, 2003, Smith first published a photograph of a woman posing outside with a witch hat ("*Photograph 9*"). A copy of Photograph 9 is attached hereto collectively as Exhibit 1.

33. On February 4, 2021, Photograph 9 was registered by the USCO under Registration No. VA 2-241-367.

34. On April 1, 2004, Smith first published a photograph of a man holding a slice of cake ("*Photograph 10*"). A copy of Photograph 10 is attached hereto collectively as Exhibit 1.

35. On February 4, 2021, Photograph 10 was registered by the USCO under Registration No. VA 2-239-166.

36. On January 1, 2005, Smith first published a photograph of a woman standing in a striped costume ("*Photograph 11*"). A copy of Photograph 11 is attached hereto collectively as Exhibit 1.

37. On February 4, 2021, Photograph 11 was registered by the USCO under Registration No. VA 2-239-167.

38. On September 1, 2006, Smith first published a photograph of a woman sitting in a bathing suit on a dock ("*Photograph 12*"). A copy of Photograph 12 is attached hereto collectively as Exhibit 1.

39. On February 4, 2021, Photograph 12 was registered by the USCO under

Registration No. VA 2-239-168.

40. On March 1, 2008, Smith first published a photograph of a man skiing in the middle of the road ("*Photograph 13*"). A copy of Photograph 13 is attached hereto collectively as <u>Exhibit 1</u>.

41. On June 8, 2023, Photograph 13 was registered by the USCO under Registration No. VA 2-354-306.

42. On April 8, 2011, Smith first published a photograph of a woman standing with her head in a lampshade ("*Photograph 14*"). A copy of Photograph 14 is attached hereto collectively as <u>Exhibit 1</u>.

43. On February 8, 2021, Photograph 14 was registered by the USCO under Registration No. VA 2-239-158.

44. On June 1, 2011, Smith first published a photograph of a car with luggage on top and passengers inside ("*Photograph 15*"). A copy of Photograph 15 is attached hereto collectively as <u>Exhibit 1</u>.

45. On February 8, 2021, Photograph 15 was registered by the USCO under Registration No. VA 2-239-158.

46. On January 1, 2014, Smith first published a photograph of a woman walking on a rope between bushes ("*Photograph 16*"). A copy of Photograph 16 is attached hereto collectively as <u>Exhibit 1</u>.

47. On February 8, 2021, Photograph 16 was registered by the USCO under Registration No. VA 2-239-160.

48. Photographs 1-16 are collectively referred to herein as the "Photographs".

49. In creating the Photographs, Smith personally selected the subject matter, timing, lighting, angle, perspective, depth, lens, and camera equipment used to capture the images and made each and every artistic determination necessary for the creation of the works.

50. Smith created the Photographs with the intention of them being used commercially and for the purpose of display and/or public distribution.

5

51. Plaintiff acquired the rights in and to the Photographs by way of written assignment.

**B.  Defendant's Infringing Activity**

52. Defendant is the registered owner of the Website and is responsible for its content.

53. Defendant is the operator of the Website and is responsible for its content.

54. The Website is a key component of Defendant's popular and lucrative commercial enterprise.

55. The Website is monetized in that it sells hand-made wool coats to the public and, on information and belief, Defendant profits from these activities.

56. Defendant is the registered owner of the Accounts and is responsible for their content.

57. Defendant is the operator of the Accounts and is responsible for their content.

58. The Accounts are part of and used to advance Defendant's commercial enterprise.

59. Upon information and belief, Defendant has not implemented adequate internal policies to verify copyright ownership before content use, indicating a gross negligence in legal compliance, which is essential for a company with Defendant's reach, capabilities, and level of sophistication.

60. Upon information and belief, Defendant's internal policies, if any, are either not designed to verify copyright ownership before content use or are systematically ignored, indicating a willful, recurring disregard for copyright compliance.

61. Defendant's failure to adopt or effectively enforce internal copyright policies, if any, indicates *de facto* willful infringement.

62. Defendant displayed the Photographs on the Website as well as the Accounts at URLs:

- https://www.coatcheckroom.com/blogs/news ("*Infringement 1*")

- https://www.coatcheckroom.com/blogs/news/monthly-muse-rodney-smith?fbclid=lwAR0enw39zCJUpqC3vw4oJe3gnyhcOWF7QPWqi80DjgT5upVquu6_-

297WJM ("*Infringements 2-7*")

- https://www.facebook.com/photo.php?fbid=710073587808085&set=pb.100064163492425.-2207520000&type=3 ("*Infringement 8*")

- https://www.instagram.com/p/CwrAG54x-fM/?img_index=3 ("*Infringement 9*")

- https://www.instagram.com/p/BY8SWdSBYhB/ ("*Infringement 10*")

- https://www.facebook.com/coatcheckroom/photos/pb.100064163492425.-2207520000/2668313013386662/?type=3 ("*Infringement 11*")

- https://www.instagram.com/p/CE_4l4pjLjX/ ("*Infringement 12*")

- https://www.facebook.com/photo/?fbid=715154553966655&set=pb.100064163492425.-2207520000 ("*Infringement 13*")

- https://www.instagram.com/p/CxDJE9-RMWq/?img_index=1 ("*Infringement 14*")

- https://www.facebook.com/coatcheckroom/photos/pb.100064163492425.-2207520000/2683959991821964/?type=3 ("*Infringement 15*")

- https://www.instagram.com/p/CFuWMAtFMry/ ("*Infringement 16*")

- https://www.facebook.com/photo.php?fbid=715154637299980&set=pb.100064163492425.-2207520000&type=3 ("*Infringement 17*")

- https://www.instagram.com/p/CxDJE9-RMWq/?img_index=3 ("*Infringement 18*")

- https://www.facebook.com/photo?fbid=715154603966650&set=pcb.715154677299976 ("*Infringement 19*")

- https://www.instagram.com/p/CxDJE9-RMWq/?img_index=2 ("*Infringement 20*")

- https://www.facebook.com/photo/?fbid=710073544474756&set=pb.100064163492425.-

7

2207520000 ("*Infringement 21*")

- https://www.instagram.com/p/CwrAG54x-fM/?img_index=2 ("*Infringement 22*")

- https://www.facebook.com/coatcheckroom/photos/pb.100064163492425.-2207520000/2678700599014570/?type=3 ("*Infringement 23*")

- https://www.instagram.com/p/CFe06q1FCpU/ ("*Infringement 24*")

- https://www.facebook.com/photo.php?fbid=721294346686009&set=pb.100064163492425.-2207520000&type=3 ("*Infringement 25*")

- https://www.instagram.com/p/CxdNoTjtEQ6/?img_index=1 ("*Infringement 26*")

- https://www.facebook.com/coatcheckroom/photos/pb.100064163492425.-2207520000/2985839304967363/?type=3 ("*Infringement 27*")

- https://www.instagram.com/p/CVmAabQrEo0/ ("*Infringement 28*")

- https://www.facebook.com/photo/?fbid=743658324449611&set=pb.100064163492425.-2207520000 ("*Infringement 29*")

- https://www.instagram.com/p/CHIcTRFBEiX/ ("*Infringement 30*")

- https://www.instagram.com/p/CHAj-LohiRa/ ("*Infringement 31*")

- https://www.facebook.com/coatcheckroom/photos/pb.100064163492425.-2207520000/2942704062614221/?type=3 ("*Infringement 32*")

- https://www.facebook.com/photo.php?fbid=710073487808095&set=pb.100064163492425.-2207520000&type=3 ("*Infringement 33*")

- https://www.instagram.com/p/CwrAG54x-fM/?img_index=1 ("*Infringement 34*")

- https://www.facebook.com/coatcheckroom/photos/pb.100064163492425.-

8

  2207520000/2954679971416630/?type=3 ("*Infringement 35*")

- https://www.instagram.com/p/CUAxpyElljb/ ("*Infringement 36*")

- https://www.instagram.com/p/CxdNoTjtEQ6/?img_index=2 ("*Infringement 37*")

- https://www.instagram.com/p/CFw4fSPFhc0/ ("*Infringement 38*")

- https://www.facebook.com/coatcheckroom/photos/pb.100064163492425.-2207520000/2983014168583210/?type=3 ("*Infringement 39*")

- https://www.instagram.com/p/CVdjcl_Pjzg/ ("*Infringement 40*")

63. Without permission or authorization from Plaintiff, Defendant volitionally copied and displayed Plaintiff's copyright protected Photographs on the Website as well as the Accounts.

64. Plaintiff first observed the Infringements on October 25, 2023.

65. Upon information and belief, the Photographs were copied and displayed by Defendant without license or permission, thereby infringing on Plaintiff's copyrights in and to the Photographs (hereinafter the unauthorized uses set forth above are referred to collectively as the "*Infringements*").

66. The Infringements include a URL ("*Uniform Resource Locator*") for a fixed tangible medium of expression that was sufficiently permanent or stable to permit it to be communicated for a period of more than a transitory duration and therefore constitutes a specific infringement.

67. The Infringements are exact copies of Plaintiff's original images that were directly copied and displayed by Defendant on the Website as well as the Accounts.

68. Upon information and belief, Defendant takes an active and pervasive role in the content posted on its Website as well as its Accounts, including, but not limited to copying, posting, selecting, commenting on, and/or displaying images including but not limited to Plaintiff's Photographs.

69. Upon information and belief, Defendant directly contributes to the content posted on the Website as well as the Accounts by, *inter alia*, directly employing reporters, authors, and editors as its agents, including but not limited to Liz Williams who is listed on Defendant's Website and Accounts as "Designer and Founder" (hereinafter referred to as the "*Employees*").

70. Upon information and belief, at all material times the Employees were acting within the course and scope of their employment when they posted the Infringements.

71. Upon information and belief, at all material times the Employees were acting within the course and scope of their agency when they posted the Infringements.

72. Upon information and belief, the Photographs were willfully and volitionally posted to the Website as well as the Accounts by Defendant.

73. Upon information and belief, Defendant was aware of facts or circumstances from which the determination regarding the Infringements was apparent. Defendant cannot claim that it was not aware of the infringing activities, including the specific Infringements which form the basis of this complaint, since such a claim would amount to only willful blindness to the Infringements on the part of Defendant.

74. Upon information and belief, Defendant engaged in the Infringements knowingly and in violation of applicable United States copyright laws.

75. Upon information and belief, Defendant had complete control over and actively reviewed and monitored the content posted on the Website as well as the Accounts.

76. Upon information and belief, Defendant has the legal right and ability to control and limit the infringing activities on its Website as well as its Accounts and exercised and/or had the right and ability to exercise such right.

77. Upon information and belief, Defendant has received a financial benefit directly attributable to the Infringements.

78. Upon information and belief, the Infringements increased traffic to the Website as well as the Accounts and, in turn, caused Defendant to realize an increase in its business revenues and/or merchandise sales.

79. Upon information and belief, a large number of people have viewed the unlawful copies of the Photographs on the Website as well as the Accounts.

80. Upon information and belief, Defendant at all times had the ability to stop the reproduction and display of Plaintiff's copyrighted material.

81. Defendant's use of the Photographs harmed the actual market for the Photographs.

82. Defendant's use of the Photographs, if widespread, would harm Plaintiff's potential market for the Photographs.

83. On January 11, 2024, Plaintiff, via counsel, served a letter seeking to address the complaints contained herein concerning Defendant's infringement of Plaintiff's rights-protected work.

84. On February 5, 2024, Plaintiff, via counsel, served a second letter seeking to address the complaints contained herein concerning Defendant's infringement of Plaintiff's rights-protected work.

85. Despite Plaintiff's efforts and willingness to address Defendant's infringing activity, Defendant failed to respond, and Plaintiff was forced to seek judicial intervention for Defendant's infringing activity.

86. Further, despite Plaintiff's notification to Defendant concerning its infringing activity, Defendant continues to infringe on Plaintiff's work thereby establishing the willful nature of its conduct.

87. As a result of Defendant's misconduct, Plaintiff has been substantially harmed.

## FIRST COUNT
### (Direct Copyright Infringement, 17 U.S.C. §501 et seq.)

88. Plaintiff repeats and incorporates by reference the allegations contained in the preceding paragraphs, as though set forth in full herein.

89. The Photographs are original, creative works in which Plaintiff owns valid copyrights.

90. The Photographs are properly registered with the USCO and Plaintiff has complied

with all statutory formalities under the Copyright Act and under regulations published by the USCO.

91. Plaintiff has not granted Defendant a license or the right to use the Photographs in any manner, nor has Plaintiff assigned any of its exclusive rights in the copyrights to Defendant.

92. Without permission or authorization from Plaintiff and in willful violation of Plaintiff's rights under 17 U.S.C. §106, Defendant improperly and illegally copied, reproduced, distributed, adapted, and/or publicly displayed works copyrighted by Plaintiff thereby violating Plaintiff's exclusive rights in its copyrights.

93. Defendant's reproduction of the Photographs and display of the Photographs constitutes willful copyright infringement.

94. Upon information and belief, Defendant willfully infringed upon Plaintiff's copyrighted Photographs in violation of Title 17 of the U.S. Code, in that Defendant used, published, communicated, posted, publicized, and otherwise held out to the public for commercial benefit, Plaintiff's original and unique Photographs without Plaintiff's consent or authority, by using them on the Website as well as the Accounts.

95. As a result of Defendant's violations of Title 17 of the U.S. Code, Plaintiff is entitled to an award of actual damages and disgorgement of all of Defendant's profits attributable to the infringements as provided by 17 U.S.C. § 504 in an amount to be proven or, in the alternative, at Plaintiff's election, an award for statutory damages against Defendant for each infringement pursuant to 17 U.S.C. § 504(c).

96. As a result of the Defendant's violations of Title 17 of the U.S. Code, the court in its discretion may allow the recovery of full costs as well as reasonable attorney's fees and costs pursuant to 17 U.S.C. § 505 from Defendant.

97. As a result of Defendant's violations of Title 17 of the U.S. Code, Plaintiff is entitled to injunctive relief to prevent or restrain infringement of Plaintiff's copyright pursuant to 17 U.S.C. § 502.

**JURY DEMAND**

98. Plaintiff hereby demands a trial of this action by jury.

**PRAYER FOR RELIEF**

**WHEREFORE,** Plaintiff respectfully requests judgment as follows:

That the Court enters a judgment finding that Defendant has infringed on Plaintiff's rights to the Photographs in violation of 17 U.S.C. §501 *et seq.* and therefore award damages and monetary relief as follows:

    a. finding that Defendant infringed Plaintiff's copyright interest in and to the Photographs by copying and displaying them without a license or consent;

    b. for an award of actual damages and disgorgement of all of Defendant's profits attributable to the infringements as provided by 17 U.S.C. § 504(b) in an amount to be proven or, in the alternative, at Plaintiff's election, an award for statutory damages against Defendant for each infringement pursuant to 17 U.S.C. § 504(c), whichever is larger;

    c. for an order pursuant to 17 U.S.C. § 502(a) enjoining Defendant from any infringing use of any of Plaintiff's works;

    d. for costs of litigation and reasonable attorney's fees against Defendant pursuant to 17 U.S.C. § 505;

    e. for pre-judgment interest as permitted by law; and

    f. for any other relief the Court deems just and proper.

DATED: July 17, 2024

                                            **SANDERS LAW GROUP**

                                            By:   */s/ Craig Sanders*
                                            Craig Sanders, Esq.
                                            333 Earle Ovington Blvd, Suite 402
                                            Uniondale, NY 11553
                                            Tel: (516) 203-7600
                                            Email: csanders@sanderslaw.group
                                            File No.: 129382

                                            *Attorneys for Plaintiff*